# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DEBRA SEITZ and GREG WELTER | )    **VERIFIED COMPLAINT and** |
| | )    **JURY DEMAND** |
| Plaintiffs, | ) |
| | ) |
| v. | )    No. |
| | ) |
| JOHN DOE and JANE DOE | ) |
| | ) |
| Defendants. | ) |

## VERIFIED COMPLAINT

NOW COME the Plaintiffs, DEBRA SEITZ and GREG WELTER ("Plaintiffs"), citizens and residents of Illinois, by and through their attorneys, Mudd Law Offices, and complain of the Defendants, JOHN DOE and JANE DOE ("Defendants"), believed to be citizens and residents of Illinois, upon personal information as to their own activities and upon information and belief as to the activities of others and all other matters, and state as follows:

## NATURE OF ACTION

1.    This is an action for violation of federal and Illinois wiretap statutes, violation of Plaintiffs' right to privacy, and other related claims arising from the wrongful conduct of the Defendants.  In this action, Plaintiffs seek statutory, compensatory and punitive damages; attorney's fees and costs; and injunctive relief.

## PARTIES

2.    DEBRA SEITZ ("Seitz") is an Illinois citizen and resident of the Village of Elburn, Illinois.

3.    GREG WELTER ("Welter") is an Illinois citizen and resident of the City of St. Charles, Illinois.

4. JOHN DOE is, upon information and belief, an Illinois citizen and resident.

5. JANE DOE is, upon information and belief, an Illinois citizen and resident.

## JURISDICTION AND VENUE

6. The Court has jurisdiction over the subject matter of Plaintiffs' federal statutory claims pursuant to 28 U.S.C. § 1331. The Court has supplemental jurisdiction over the subject matter of the Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

7. The Court may exercise personal jurisdiction over Defendant John Doe because he is, upon information and belief, a citizen and resident of Illinois.

8. The Court may exercise personal jurisdiction over Defendant Jane Doe because she is, upon information and belief, a citizen and resident of Illinois.

9. Upon information and belief, the Defendants engaged in most, if not all, of their wrongful conduct from and within the State of Illinois.

10. Venue in this district is proper pursuant to 28 U.S.C. § 1391 because (a) a substantial part of the events or omissions giving rise to this action occurred in this district; and (b) the Defendants, upon information and belief, reside within this district.

11. An actual case or controversy has arisen between the parties. The Defendants have violated federal statutes; have violated the Plaintiffs' right to privacy; and have engaged in other wrongful conduct. Plaintiffs have been injured by the Defendants' conduct and have suffered damages resulting therefrom.

## FACTUAL BACKGROUND

### Plaintiffs' Background and Business

12. Seitz is a real estate broker and owner of The County Land Company.

13. The County Land Company is based out of Wasco, Illinois in Kane County.

14.     The Plaintiffs are two of six partners in Wasco Investment Corporation ("Wasco Investment").

15.     Wasco Investment is a property management company that specializes in real estate investments, sales, and rehabilitation of real estate property.

16.     The Plaintiffs run the day-to-day operations of Wasco Investment.

**Plaintiffs' Email Accounts**

17.     Seitz created the following email account: thecountylandcompany@yahoo.com ("Seitz Email Account").

18.     Seitz uses the Seitz Email Account for personal and business emails.

19.     Welter created the following email account: welter_g@yahoo.com ("Welter Email Account").

20.     Welter uses the Welter Email account for personal and business emails.

**Unauthorized Access to Plaintiffs' Email Accounts**

21.     On August 25, 2010, an individual ("Individual") approached Seitz unsolicited and provided her with copies of private email communications between the Plaintiffs ("Intercepted Emails") he obtained from an anonymous source ("Anonymous Source").

22.     The Individual also informed Seitz that he received a letter from the Anonymous Source ("Anonymous Letter").

23.     The Individual did not disclose the Anonymous Letter to Seitz.

24.     Seitz asked for a copy of the Anonymous Letter, but the Individual refused.

25.     The Intercepted Emails obtained from the Individual constituted private communications between the Plaintiffs only and no other third party.

26.     The Plaintiffs did not provide the Intercepted Emails to the Individual.

27.     Prior to learning that the Anonymous Source had obtained the Intercepted Emails, the Plaintiffs had not disseminated the Intercepted Emails to any third party.

28.     Consequently, someone obtained the Intercepted Emails from the Seitz Email Account and/or the Welter Email Account.

29.     The Defendants obtained access to the Seitz Email Account.

30.     Seitz did not provide any third party with authorization to access her Seitz Email Account.

31.     Consequently, the Defendants accessed the Seitz Email Account without authorization.

32.     The Defendants obtained access to the Welter Email Account.

33.     Welter did not provide any third party with authorization to access his Welter Email Account.

34.     Consequently, the Defendants accessed the Welter Email Account without authorization.

35.     The Defendants did not possess authorization to access the Plaintiffs' Email Accounts.

36.     By obtaining unauthorized access to the Plaintiffs' Email Accounts, the Defendants intercepted and/or accessed the Intercepted Emails.

37.     The Defendants did not possess authorization to intercept and/or access the Intercepted Emails.

38.     Upon accessing the Intercepting Emails, the Defendants read the Intercepted Emails.

39.     The Defendants did not possess authorization to read the Intercepted Emails.

40. The Defendants later distributed the Intercepted Emails to the Individual.

41. Upon information and belief, the Defendants distributed the Intercepted Emails to other third parties.

42. The Defendants did not possess authorization to distribute the Intercepted Emails.

43. The Defendants used the Intercepted Emails to harm Plaintiffs.

44. The Defendants did not possess authorization to use the Intercepted Emails.

45. By accessing the Plaintiffs' Email Accounts, the Defendants also intercepted and/or accessed the Plaintiffs' private personal and business emails stored therein.

46. While accessing the Plaintiffs' Email Accounts, the Defendants read Plaintiffs' private personal and business emails stored therein.

47. Defendants did not have authorization to obtain access to and/or read any email within the Plaintiffs' Email Accounts.

48. Upon information and belief, the Defendants distributed additional emails accessed through the Plaintiffs' Email Accounts to the Individual and other third parties.

49. On August 26, 2010, Welter learned that the Defendants had accessed his Welter Email Account without authorization.

**Subsequent Unauthorized Access to the Plaintiffs' Email Accounts**

50. The Defendants continued to access the Plaintiffs' Email Accounts on multiple occasions all without authorization.

51. The Defendants continued to intercept and/or access the Plaintiffs' private email on multiple occasions all without authorization.

52. The Defendants continued to read the Plaintiffs' private email on multiple occasions all without authorization.

53.     The Defendants continued to use and distribute the Plaintiffs' private email on multiple occasions all without authorization.

54.     In one particular email, the Plaintiffs discussed Welter retrieving personal possessions from a real estate property he owns in Florida ("Florida Email").

55.     The Plaintiffs represented the only parties to the Florida Email.

56.     The Plaintiffs did not disseminate the Florida Email to any third parties.

57.     Subsequently, after the Florida Email had been sent, the subject matter of the Florida Email arose in other litigation involving Welter.

58.     The Plaintiffs did not discuss the subject matter of the Florida Email with any other third parties that would have caused the subject matter of the email to arise in Welter's other litigation.

59.     The Defendants accessed the Florida Email from the Plaintiffs' Email Accounts.

60.     The Defendants read the Florida Email.

61.     The Defendants distributed the Florida Email to third parties.

62.     The Defendants used the Florida Email and its contents to harm Welter.

63.     In another particular email, Welter asked Seitz for the location of Wasco Investment's business bank account.

64.     In responding to Welter, Seitz informed him of the bank and the specific branch used by Wasco Investment ("Bank Email").

65.     The Plaintiffs did not disseminate the Bank Email to any other parties.

66.     Subsequently, after the Bank Email had been sent, the subject matter of the Bank Email arose in other litigation involving Welter.

67. The Plaintiffs did not discuss the subject matter of the Bank Email with any other third parties that would have caused the subject matter of the email to arise in Welter's other litigation.

68. The Defendants accessed the Bank Email from the Plaintiffs' Email Accounts.

69. The Defendants read the Bank Email.

70. The Defendants distributed the Bank Email to third parties.

71. The Defendants used the Bank Email and its contents to harm Plaintiffs.

**Wrongful Conduct by Defendants**

72. Without the Plaintiffs' authorization or knowledge, the Defendants obtained unauthorized access to the Plaintiffs' Email Accounts.

73. Without the Plaintiffs' authorization or knowledge, the Defendants read private electronic mail communications contained within the Plaintiffs' Email Accounts.

74. Without the Plaintiffs' authorization or knowledge, Defendants selected particular private electronic mail communications within the Plaintiffs' Email Accounts to duplicate, use, and distribute to third parties.

75. Without the Plaintiffs' authorization or knowledge, Defendants did in fact duplicate, use, and distribute the Plaintiffs' private electronic mail communications.

76. Plaintiffs did not engage in any activity or conduct that would diminish the private nature of their emails.

## CLAIMS FOR RELIEF

### COUNT ONE
### AS AND FOR A FIRST CAUSE OF ACTION
### PLAINTIFF SEITZ AGAINST DEFENDANTS
### VIOLATION OF FEDERAL WIRETAP ACT (18 U.S.C. §§ 2511, 2520)

77.     Seitz hereby incorporates by reference Paragraphs 1 through 76 above in this First Count as though fully set forth herein.

78.     The private electronic mail communications between Seitz and Welter constituted electronic communications.

79.     The Defendants intentionally accessed the Seitz Email Account without Seitz's authorization or knowledge.

80.     The Defendants intentionally read private electronic mail communications between Seitz and Welter within the Seitz Email Account without Seitz's authorization or knowledge and therefore intentionally intercepted electronic communications.

81.     The Defendants intentionally read private electronic mail communications between Seitz and other parties within the Seitz Email Account without Seitz's authorization or knowledge and therefore intentionally intercepted electronic communications.

82.     By the foregoing conduct, Defendants intentionally and surreptitiously recorded and duplicated Seitz's electronic mail communications.

83.     Defendants engaged in the foregoing wrongful conduct without Seitz's authorization or knowledge.

84.     By engaging in such conduct, Defendants violated the Electronic Communications Privacy Act, specifically 18 U.S.C. §§ 2511(1)(a).

85.     As a result of Defendants' conduct, Seitz suffered injuries and damages resulting therefrom that include, but are not limited to, violation of her statutory rights, invasion of her privacy, and harmed reputation.

86.     Seitz has suffered and is continuing to suffer irreparable injury for which she has no adequate remedy at law.

87.     WHEREFORE, Seitz prays as follows:

A.     That the Court award her statutory damages pursuant to 18 U.S.C. § 2520(c)(2) against Defendants, jointly and severally;

B.     That the Court award her punitive damages against Defendants, jointly and severally, in an amount to be determined at trial;

C.     That the Court award her costs of suit, including attorneys' fees;

D.     That the Court provide her injunctive relief in the form of an order:

i.     permanently enjoining Defendants from intentionally, individually and collectively, from intercepting any communications of Plaintiff Seitz;

ii.     permanently enjoining Defendants from accessing, and attempting to access, Plaintiff Seitz's electronic mail accounts; and,

iii.     requiring Defendants to permanently erase all electronic and other copies of intercepted communications; and,

E.     That the Court award such other relief to which Seitz may be entitled or as justice may require.

## COUNT TWO

## AS AND FOR A SECOND CAUSE OF ACTION

## PLAINTIFF WELTER AGAINST DEFENDANTS

## VIOLATION OF FEDERAL WIRETAP ACT (18 U.S.C. §§ 2511, 2520)

88. Welter hereby incorporates by reference Paragraphs 1 through 76 above in this Second Count as though fully set forth herein.

89. The private electronic mail communications between Welter and Seitz constituted electronic communications.

90. The Defendants intentionally accessed the Welter Email Account without Welter's authorization or knowledge.

91. The Defendants intentionally read private electronic mail communications between Welter and Seitz within the Welter Email Account without Welter's authorization or knowledge and therefore intentionally intercepted electronic communications.

92. The Defendants intentionally read private electronic mail communications between Welter and other parties within the Welter Email Account without Welter's authorization or knowledge and therefore intentionally intercepted electronic communications.

93. By the foregoing conduct, Defendants intentionally and surreptitiously recorded and duplicated Welter's electronic mail communications.

94. Defendants engaged in the foregoing wrongful conduct without Welter's authorization or knowledge.

95. By engaging in such conduct, Defendants violated the Electronic Communications Privacy Act, specifically 18 U.S.C. §§ 2511(1)(a).

96. As a result of Defendants' conduct, Welter suffered injuries and damages resulting therefrom that include, but are not limited to, violation of his statutory rights, invasion

of his privacy, and harmed reputation.

97.    Welter has suffered and is continuing to suffer irreparable injury for which he has no adequate remedy at law.

98.    WHEREFORE, Welter prays as follows:

A.    That the Court award him statutory damages pursuant to 18 U.S.C. § 2520(c)(2) against Defendants, jointly and severally;

B.    That the Court award him punitive damages against Defendants, jointly and severally, in an amount to be determined at trial.

C.    That the Court award his costs of suit, including attorneys' fees;

D.    That the Court provide him injunctive relief in the form of an order:

i.    permanently enjoining  Defendants from intentionally, individually and collectively, from intercepting any communications of Plaintiff Welter; and,

ii.    permanently enjoining Defendants from accessing, and attempting to access, Plaintiff Welter's electronic mail accounts; and,

iii.    requiring Defendants to permanently erase all electronic and other copies of intercepted communications; and,

E.    That the Court award such other relief to which Welter may be entitled or as justice may require.

## **COUNT THREE**
## **AS AND FOR A THIRD CAUSE OF ACTION**
## **PLAINTIFF SEITZ AGAINST DEFENDANTS**
## **VIOLATION OF STORED COMMUNICATIONS ACT (18 U.S.C. §§ 2701, ET SEQ.)**

99.    Seitz hereby incorporates by reference Paragraphs 1 through 76 and 78 through 86 above in this Third Count as though fully set forth herein.

100.    By engaging in the foregoing conduct alleged herein, Defendants knowingly and/or intentionally accessed without authorization a facility through which an electronic communication service is provided, particularly the Yahoo!, Inc. servers hosting the Seitz Email Account, and obtained access to Seitz's electronic communications while they were in electronic storage in such system.

101.    Alternatively, by engaging in the foregoing conduct alleged herein, Defendants knowingly and/or intentionally exceeded their authorized access to a facility through which an electronic communication service is provided, particularly the Yahoo!, Inc. servers hosting the Seitz Email Account, and obtained access to Seitz's electronic communications while they were in electronic storage in such system.

102.    Defendants acted willfully and/or intentionally.

103.    Defendants violated the Stored Communications Act, specifically 18 U.S.C. §§ 2701(a).

104.    As a result of Defendants' conduct, Seitz suffered injuries and damages resulting therefrom that include, but are not limited to, violation of her statutory rights, invasion of her privacy, and harmed reputation.

105.    Seitz has suffered and is continuing to suffer irreparable injury for which she has no adequate remedy at law.

106.    WHEREFORE, Seitz prays as follows:

A.    That the Court award her statutory damages pursuant to 18 U.S.C. § 2707 against Defendants, jointly and severally;

B.    That the Court award her punitive damages against Defendants, jointly and severally, in an amount to be determined at trial.

C.      That the Court award her costs of suit, including attorneys' fees;

D.      That the Court provide her injunctive relief in the form of an order:

   i.      permanently enjoining Defendants, individually and collectively, from accessing stored communications of Seitz;

   ii.      permanently enjoining Defendants, individually and collectively, from accessing and/or attempting to access Seitz's electronic mail accounts; and,

   iii.      requiring Defendants to permanently erase all electronic and other copies of Seitz's communications obtained unlawfully; and,

E.      That the Court award such other relief to which Seitz may be entitled or as justice may require.

## COUNT FOUR
## AS AND FOR AN FOURTH CAUSE OF ACTION
## PLAINTIFF WELTER AGAINST DEFENDANTS
## VIOLATION OF STORED COMMUNICATIONS ACT (18 U.S.C. §§ 2701, ET SEQ.)

107.      Welter hereby incorporates by reference Paragraphs 1 through 76 and 89 through 97 above in this Fourth Count as though fully set forth herein.

108.      By engaging in the foregoing conduct alleged herein, Defendants knowingly and/or intentionally accessed without authorization a facility through which an electronic communication service is provided, particularly the Yahoo!, Inc. servers hosting the Welter Email Account, and obtained access to Welter's electronic communications while they were in electronic storage in such system.

109.      Alternatively, by engaging in the foregoing conduct alleged herein, Defendants knowingly and/or intentionally exceeded their authorized access to a facility through which an electronic communication service is provided, particularly the Yahoo!, Inc. servers hosting the

Welter Email Account, and obtained access to Welter's electronic communications while they were in electronic storage in such system.

110. Defendants acted willfully and/or intentionally.

111. Defendants violated the Stored Communications Act, specifically 18 U.S.C. §§ 2701(a).

112. As a result of Defendants' conduct, Welter suffered injuries and damages resulting therefrom that include, but are not limited to, violation of his statutory rights, invasion of his privacy, and harmed reputation.

113. Welter has suffered and is continuing to suffer irreparable injury for which he has no adequate remedy at law.

114. WHEREFORE, Welter prays as follows:

A. That the Court award his statutory damages pursuant to 18 U.S.C. § 2707 against Defendants, jointly and severally;

B. That the Court award his punitive damages against Defendants, jointly and severally, in an amount to be determined at trial.

C. That the Court award his costs of suit, including attorneys' fees;

D. That the Court provide him injunctive relief in the form of an order:

i. permanently enjoining Defendants, individually and collectively, from accessing stored communications of Welter;

ii. permanently enjoining Defendants, individually and collectively, from accessing and/or attempting to access Welter's electronic mail accounts; and,

iii.     requiring Defendants to permanently erase all electronic and other copies of Welter's stored communications obtained unlawfully; and,

E.     That the Court award such other relief to which Welter may be entitled or as justice may require.

## COUNT FIVE
## AS AND FOR A FIFTH CAUSE OF ACTION
## PLAINTIFF SEITZ AGAINST DEFENDANTS
## VIOLATION OF COMPUTER FRAUD AND ABUSE ACT (18 U.S.C. § 1030)

115.     Seitz hereby incorporates by reference Paragraphs 1 through 76, 78 through 86, and 100 through 105 above in this Fifth Count as though fully set forth herein.

116.     Defendants knowingly and with an intent to commit fraud obtained unauthorized access or exceeded their authorized access to the Yahoo!, Inc. computer(s) and/or other computers storing the Seitz Email Account and to the contents within the Seitz Email Account for purposes of furthering their fraud upon Seitz.

117.     The Defendants intended to commit fraud against Seitz by representing themselves as Seitz and/or impersonating her.

118.     Defendants intended to harm Seitz personally.

119.     Defendants obtained private electronic mail communications between Seitz and Welter as well as Seitz and other third parties.

120.     Defendants' conduct violates the Computer Fraud and Abuse Act, 18 U.S.C. § 1030(a)(4).

121.     Seitz has suffered loss aggregating in more than $5,000 including, but not limited to, costs of responding to the violations in the form of attorney's fees.

122.     WHEREFORE, Seitz prays as follows:

A.      That the Court award her economic damages pursuant to 18 U.S.C.

§ 1030(g) against Defendants, jointly and severally;

B.      That the Court provide her injunctive relief in the form of an order:

i.      permanently enjoining the Defendants form accessing stored

communications of Seitz; and,

ii.      requiring Defendants to permanently erase all electronic and other

copies of Seitz's electronic communications obtained unlawfully; and,

C.      That the Court award such other relief to which Seitz may be entitled or as

justice may require.

### COUNT SIX
### AS AND FOR A SIXTH CAUSE OF ACTION
### PLAINTIFF WELTER AGAINST DEFENDANTS
### VIOLATION OF COMPUTER FRAUD AND ABUSE ACT (18 U.S.C. § 1030)

123.    Welter hereby incorporates by reference Paragraphs 1 through 76, 89 through 97, and 108 through 113 above in this Sixth Count as though fully set forth herein.

124.    Defendants knowingly and with an intent to commit fraud obtained unauthorized access or exceeded authorized access to Yahoo!, Inc. computers and/or other computers storing the Welter Email Account and to the contents within the Welter Email Account for purposes of furthering their fraud upon Plaintiff Welter.

125.    The Defendants intended to commit fraud against Plaintiff Welter by representing themselves as Welter and/or impersonating him.

126.    Defendants intended to harm Welter personally.

127.    Defendants obtained private electronic mail communications between Welter and Seitz as well as between Welter and other third parties.

128.    Defendants' conduct violates the Computer Fraud and Abuse Act, 18 U.S.C. § 1030(a)(4).

129.    Welter has suffered loss aggregating in more than $5,000 including, but not limited to, costs of responding to the violations in the form of attorney's fees.

130.    WHEREFORE, Welter prays as follows:

A.      That the Court award him economic damages pursuant to 18 U.S.C. § 1030(g) against Defendants, jointly and severally;

B.      That the Court provide him injunctive relief in the form of an order:

i.      permanently enjoining the Defendants form accessing stored communications of Plaintiff Welter; and,

ii.     requiring Defendants to permanently erase all electronic and other copies of Welter's stored communications obtained unlawfully; and,

C.      That the Court award such other relief to which Welter may be entitled or as justice may require.

**COUNT SEVEN**
**AS AND FOR A SEVENTH CAUSE OF ACTION**
**PLAINTIFF SEITZ AGAINST ALL DEFENDANTS**
**INTRUSION UPON SECLUSION**

131.    Seitz hereby incorporates by reference Paragraphs 1 through 76, 78 through 86, 100 through 105, and 116 through 121 above in this Seventh Count as though fully set forth herein.

132.    Defendants violated federal and Illinois state statutes prohibiting unauthorized interception, recording, reading, and use of electronic communications.

133.    Defendants made an unauthorized intrusion and prying into Seitz's privacy and seclusion when they intercepted Seitz's private electronic mail communications.

134.    Defendants made an unauthorized intrusion and prying into Seitz's privacy and seclusion when they recorded Seitz's private electronic mail communications.

135.    Defendants made an unauthorized intrusion and prying into Seitz's privacy and seclusion when they used Seitz's private electronic mail communications.

136.    Defendants made an unauthorized intrusion and prying into Seitz's privacy and seclusion when they impersonated her.

137.    The Defendants did not have authority to engage in their wrongful conduct.

138.    Defendants' intrusions were unauthorized and unreasonable.

139.    Defendants' intrusions are offensive to a reasonable person.

140.    Defendants' intrusions are objectionable to a reasonable person.

141.    The electronic mail communications between Seitz and parties other than the Defendants were private.

142.    Seitz considered her electronic mail communications to be private.

143.    The intrusion upon Seitz's private electronic mail communications caused Seitz damages and injuries including, but not limited to, anguish and suffering, harmed reputation, embarrassment, invasion of her privacy, and loss of trust.

144.    WHEREFORE, Seitz prays as follows:

    A.    That the Court award her compensatory damages against all Defendants, jointly and severally, for intrusion upon seclusion in an amount to be determined at trial, together with interest and costs of suit;

B. That the Court award her punitive damages against all Defendants, jointly and severally, for intrusion upon seclusion in an amount to be determined at trial;

C. That the Court provide her injunctive relief in the form of an order:

i. permanently enjoining Defendants from, whether individually or collectively, intentionally intercepting and/or attempting to access and/or intercept any communications of Seitz;

ii. permanently enjoining Defendants from, whether individually or collectively, accessing and/or attempting to access Seitz's electronic mail accounts;

iii. permanently enjoining Defendants from representing themselves as Seitz and/or impersonating her;

iv. requiring Defendants to permanently erase all electronic and other copies of Seitz's communications obtained unlawfully; and,

v. permanently enjoining the Defendants from using a third party to engage in any of the foregoing conduct; and,

D. That the Court award such other relief to which Seitz may be entitled or as justice may require.

## COUNT EIGHT
## AS AND FOR AN EIGHTH CAUSE OF ACTION
## PLAINTIFF WELTER AGAINST ALL DEFENDANTS
## INTRUSION UPON SECLUSION

145. Welter hereby incorporates by reference Paragraphs 1 through 76, 89 through 97, 108 through 113, and 124 through 129 above in this Eighth Count as though fully set forth herein.

146.    Defendants violated federal and Illinois state statutes prohibiting unauthorized interception, recording, reading, and use of electronic communications.

147.    Defendants made an unauthorized intrusion and prying into Welter's privacy and seclusion when they intercepted Welter's private electronic mail communications.

148.    Defendants made an unauthorized intrusion and prying into Welter's privacy and seclusion when they recorded Welter's private electronic mail communications.

149.    Defendants made an unauthorized intrusion and prying into Welter's privacy and seclusion when they used Welter's private electronic mail communications.

150.    Defendants made an unauthorized intrusion and prying into Welter's privacy and seclusion when they impersonated him.

151.    The Defendants did not have authority to engage in their wrongful conduct.

152.    Defendants' intrusions were unauthorized and unreasonable.

153.    Defendants' intrusions are offensive to a reasonable person.

154.    Defendants' intrusions are objectionable to a reasonable person.

155.    The electronic mail communications between Welter and parties other than the Defendants were private.

156.    Welter considered his electronic mail communications to be private.

157.    The intrusion upon Welter's private electronic mail communications caused Welter damages and injuries including, but not limited to, anguish and suffering, harmed reputation, embarrassment, invasion of his privacy, and loss of trust.

158.    WHEREFORE, Welter prays as follows:

A. That the Court award him compensatory damages against all Defendants, jointly and severally, for intrusion upon seclusion in an amount to be determined at trial, together with interest and costs of suit;

B. That the Court award him punitive damages against all Defendants, jointly and severally, for intrusion upon seclusion in an amount to be determined at trial;

C. That the Court provide him injunctive relief in the form of an order:

i. permanently enjoining Defendants from, whether individually or collectively, intentionally intercepting and/or attempting to access and/or intercept any communications of Welter;

ii. permanently enjoining Defendants from, whether individually or collectively, accessing and/or attempting to access Welter's electronic mail accounts;

iii. permanently enjoining Defendants from representing themselves as Welter and/or impersonating him;

iv. requiring Defendants to permanently erase all electronic and other copies of Welter's communications obtained unlawfully; and,

v. permanently enjoining the Defendants from using a third party to engage in any of the foregoing conduct; and,

D. That the Court award such other relief to which Welter may be entitled or as justice may require.

## **GENERAL**

159. Where conditions precedent are alleged, Plaintiffs aver that all conditions precedent have been performed or have occurred.

160.    Plaintiffs demand a jury trial.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFFS DEBRA SEITZ and GREG WELTER accordingly and

respectfully pray for judgment against DEFENDANTS as follows:

1.    That PLAINTIFFS be awarded statutory damages;

2.    That PLAINTIFFS be awarded compensatory damages in an amount to be

determined at trial;

3.    That PLAINTIFFS be awarded punitive damages in an amount to be determined

at trial;

4.    That PLAINTIFFS be awarded their attorney's fees and costs in this action;

5.    That PLAINTIFFS be awarded the injunctive relief sought; and

6.    That PLAINTIFFS be awarded any such other and further relief as this Court may

deem just and proper or to which Plaintiffs may be entitled as a matter of law or equity.


Dated: Chicago, Illinois                 Respectfully submitted,
       July 15, 2011                   PLAINTIFFS,
                                   DEBRA SEITZ and
                                   GREG WELTER

                               /s/Mark A. Petrolis_____
                               By:   One of Their Attorneys
                                     Mark A. Petrolis
                                     Mudd Law Offices
                                     3114 West Irving Park Road
                                     Suite 1W
                                     Chicago, Illinois  60618
                                     773.588.5410 Telephone
                                     773.588.5440 Facsimile
                                     Illinois ARDC: 6300549
                                     mpetrolis@muddlawoffices.com

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DEBRA SEITZ and GREG WELTER | ) | **GREG WELTER'S** |
| | ) | **VERIFICATION OF COMPLAINT** |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| JOHN DOE and JANE DOE | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| STATE OF ILLINOIS | ) | |
| | ) | SS: |
| COUNTY OF COOK | ) | |

**GREG WELTER, being first duly sworn, deposes and states as follows:**

That deponent is a Plaintiff; that deponent has read the foregoing Verified Complaint and knows the contents thereof; that the same is true to the deponent's own knowledge, except as to those matters therein stated to be alleged upon information and belief, and as to those matters deponent believes them to be true. The basis of said belief arises from deponent's use of and experiences with his electronic mail accounts.

_____
Greg Welter

Sworn to before me this

__14__ day of July 2011.

_____
Elena Belsuzarri

```
"OFFICIAL SEAL"
ELENA BELSUZARRI
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 06/26/13
```

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DEBRA SEITZ and GREG WELTER | ) | **DEBRA SEITZ'S** |
| | ) | **VERIFICATION OF COMPLAINT** |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| JOHN DOE and JANE DOE | ) | |
| | ) | |
| Defendants. | ) | |

STATE OF ILLINOIS )
                        )  SS:
COUNTY OF COOK )

**DEBRA SEITZ, being first duly sworn, deposes and states as follows:**

That deponent is a Plaintiff; that deponent has read the foregoing Verified Complaint and knows the contents thereof; that the same is true to the deponent's own knowledge, except as to those matters therein stated to be alleged upon information and belief, and as to those matters deponent believes them to be true. The basis of said belief arises from deponent's use of and experiences with her electronic mail accounts.

_____
Debra Seitz

Sworn to before me this

14 day of July 2011.

_____
Notary Public

"OFFICIAL SEAL"
ELENA BELSUZARRI
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 06/26/13

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF ILLINOIS

### EASTERN DIVISION

| | | |
|---|---|---|
| DEBRA SEITZ and GREG WALTER | ) | **VERIFIED COMPLAINT AND** |
| | ) | **JURY DEMAND** |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| JOHN DOE and JANE DOE | ) | |
| | ) | |
| Defendants. | ) | |

## JURY DEMAND

Plaintiffs demand trial by jury.


/s/Mark A. Petrolis
Mark A. Petrolis