## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| DEBRA SEITZ and GREG WELTER, | ) | **VERIFIED AMENDED COMPLAINT** |
| | ) | **and JURY DEMAND** |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No.11-cv-4803 |
| | ) | |
| ROBERT BEETER and TAMARA WELTER, | ) | Judge Joan H. Lefkow |
| | ) | |
| Defendants. | ) | Magistrate Judge Geraldine Soat Brown |

### VERIFIED AMENDED COMPLAINT

NOW COME the Plaintiffs, DEBRA SEITZ and GREG WELTER ("Plaintiffs"), citizens and residents of Illinois, by and through their attorneys, Mudd Law Offices, and complain of the Defendants, ROBERT BEETER and TAMARA WELTER ("Defendants"), citizens and residents of Illinois, upon personal information as to their own activities and upon information and belief as to the activities of others and all other matters, and state as follows:

### NATURE OF ACTION

1.      This is an action for violation of federal wiretap statutes, violation of Plaintiffs' right to privacy, and other related claims arising from the wrongful conduct of the Defendants. In this action, Plaintiffs seek statutory, compensatory and punitive damages; attorney's fees and costs; and injunctive relief.

### PARTIES

2.      DEBRA SEITZ ("Seitz") is an Illinois citizen and resident of the Village of Elburn, Illinois.

3.      GREG WELTER ("Greg Welter" or "Plaintiff Welter") is an Illinois citizen and resident of the City of St. Charles, Illinois.

4.     ROBERT BEETER ("Beeter" or "Defendant Beeter") is an Illinois citizen and resident of the City of Elgin, Illinois.  ROBERT BEETER is and/or has been a police officer.

5.     TAMARA WELTER ("Tamara Welter" or "Defendant Welter") is an Illinois citizen and resident of the City of St. Charles, Illinois.  Tamara Welter is and/or has been a police officer.

## JURISDICTION AND VENUE

6.     The Court has jurisdiction over the subject matter of Plaintiffs' federal statutory claims pursuant to 28 U.S.C. § 1331.  The Court has supplemental jurisdiction over the subject matter of the Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

7.     The Court may exercise personal jurisdiction over Defendant Robert Beeter because he is a citizen and resident of Illinois.

8.     The Court may exercise personal jurisdiction over Defendant Jane Doe because she is a citizen and resident of Illinois.

9.     Additionally, the Defendants engaged in most, if not all, of their wrongful conduct from and within the State of Illinois.

10.     Venue in this district is proper pursuant to 28 U.S.C. § 1391 because (a) a substantial part of the events or omissions giving rise to this action occurred in this district; and (b) the Defendants reside within this district.

11.     An actual case or controversy has arisen between the parties.  The Defendants have violated federal statutes; have violated the Plaintiffs' right to privacy; and have engaged in other wrongful conduct.  Plaintiffs have been injured by the Defendants' conduct and have suffered damages resulting therefrom.

## FACTUAL BACKGROUND

### Plaintiffs' Background and Business

12.     Seitz is a real estate broker and owner of The County Land Company.

13.     The County Land Company is based out of Wasco, Illinois in Kane County.

14.     The Plaintiffs are two of six partners in Wasco Investment Corporation ("Wasco Investment").

15.     Wasco Investment is a property management company that specializes in real estate investments, sales, and rehabilitation of real estate property.

16.     The Plaintiffs run the day-to-day operations of Wasco Investment.

### Plaintiffs' Email Accounts

17.     Seitz created the following email account: thecountylandcompany@yahoo.com ("Seitz Email Account").

18.     Seitz uses the Seitz Email Account for personal and business emails.

19.     Greg Welter created the following email account: welter_g@yahoo.com ("GW Email Account").

20.     Greg Welter uses the GW Email Account for personal and business emails.

### Unauthorized Access to Plaintiffs' Email Accounts

21.     On August 25, 2010, an individual ("Individual") approached Seitz unsolicited and provided her with copies of private email communications between the Plaintiffs ("Intercepted Emails") he obtained from an anonymous source ("Anonymous Source").

22.     The Individual also informed Seitz that he received a letter from the Anonymous Source ("Anonymous Letter").

23.     The Individual did not disclose the Anonymous Letter to Seitz.

24.     Seitz asked for a copy of the Anonymous Letter, but the Individual refused to provider her with a copy.

25.     The Intercepted Emails obtained from the Individual constituted private communications between the Plaintiffs only and no other third party.

26.     The Plaintiffs did not provide the Intercepted Emails to the Individual.

27.     Prior to learning that the Anonymous Source had obtained the Intercepted Emails, the Plaintiffs had not disseminated the Intercepted Emails to any third party.

28.     Consequently, someone obtained the Intercepted Emails from the Seitz Email Account and/or the GW Email Account.

29.     Upon information and belief, Robert Beeter and Tamara Welter obtained access to the Seitz Email Account.

30.     Seitz did not provide any third party with authorization to access her Seitz Email Account.  Seitz certainly did not provide Robert Beeter and Tamara Welter with access to her Seitz Email Account.

31.     Consequently, the Defendants accessed the Seitz Email Account without authorization.

32.     Robert Beeter and, upon information and belief, Tamara Welter obtained access to the GW Email Account.

33.     Greg Welter did not provide any third party with authorization to access his GW Email Account.  Greg Welter certainly did not provide Robert Beeter and Tamara Welter with access to her Seitz Email Account.

34.     Consequently, the Defendants accessed the GW Email Account without authorization.

35.     The Defendants did not possess authorization to access the Plaintiffs' respective Email Accounts.

36.     By obtaining unauthorized access to the Plaintiffs' Email Accounts, the Defendants intercepted and/or accessed the Intercepted Emails.

37.     The Defendants did not possess authorization to intercept and/or access the Intercepted Emails.

38.     Upon accessing the Intercepting Emails, the Defendants read the Intercepted Emails.

39.     The Defendants did not possess authorization to read the Intercepted Emails.

40.     The Defendants later distributed the Intercepted Emails to the Individual.

41.     Upon information and belief, the Defendants distributed the Intercepted Emails to other third parties.

42.     The Defendants did not possess authorization to distribute the Intercepted Emails.

43.     The Defendants used the Intercepted Emails to harm Plaintiffs.

44.     The Defendants did not possess authorization to use the Intercepted Emails.

45.     By accessing the Plaintiffs' Email Accounts, the Defendants also intercepted and/or accessed the Plaintiffs' private personal and business emails stored therein.

46.     While accessing the Plaintiffs' Email Accounts, the Defendants read Plaintiffs' private personal and business emails stored therein.

47.     Defendants did not have authorization to obtain access to and/or read any email within the Plaintiffs' respective Email Accounts.  Moreover, the Defendants, as police officers, knew that they did not have such authorization.

48.     Upon information and belief, the Defendants distributed additional emails accessed through the Plaintiffs' Email Accounts to the Individual and other third parties.

49.     On August 30, 2010, Greg Welter learned that the Defendants had accessed his GW Email Account without authorization.

### Subsequent Unauthorized Access to the Plaintiffs' Email Accounts

50.     The Defendants continued to access the Plaintiffs' Email Accounts on multiple occasions all without authorization.

51.     The Defendants continued to intercept and/or access the Plaintiffs' private email on multiple occasions all without authorization.

52.     The Defendants continued to read the Plaintiffs' private email on multiple occasions all without authorization.

53.     The Defendants continued to use and distribute the Plaintiffs' private email on multiple occasions all without authorization.

54.     In one particular email, the Plaintiffs discussed Greg Welter retrieving personal possessions from a real estate property he owns in Florida ("Florida Email").

55.     The Plaintiffs represented the only parties to the Florida Email.

56.     The Plaintiffs did not disseminate the Florida Email to any third parties.

57.     Subsequently, after the Florida Email had been sent, the subject matter of the Florida Email arose in other litigation involving Greg Welter.

58.     The Plaintiffs did not discuss the subject matter of the Florida Email with any other third parties that would have caused the subject matter of the email to arise in Greg Welter's other litigation.

59.     The Defendants accessed the Florida Email from the Plaintiffs' Email Accounts.

60.     The Defendants read the Florida Email.

61.     The Defendants distributed the Florida Email to third parties.

62.     The Defendants used the Florida Email and its contents to harm Greg Welter.

63.     In another particular email, Greg Welter asked Seitz for the location of Wasco Investment's business bank account.

64.     In responding to Greg Welter, Seitz informed him of the bank and the specific branch used by Wasco Investment ("Bank Email").

65.     The Plaintiffs did not disseminate the Bank Email to any other parties.

66.     Subsequently, after the Bank Email had been sent, the subject matter of the Bank Email arose in other litigation involving Greg Welter.

67.     The Plaintiffs did not discuss the subject matter of the Bank Email with any other third parties that would have caused the subject matter of the email to arise in Greg Welter's other litigation.

68.     The Defendants accessed the Bank Email from the Plaintiffs' Email Accounts.

69.     The Defendants read the Bank Email.

70.     The Defendants distributed the Bank Email to third parties.

71.     The Defendants used the Bank Email and its contents to harm Plaintiffs.

**Wrongful Conduct by Defendants**

72.     Without the Plaintiffs' authorization or knowledge, the Defendants intentionally obtained unauthorized access to the Plaintiffs' Email Accounts.

73.     Without the Plaintiffs' authorization or knowledge, the Defendants intentionally read private electronic mail communications contained within the Plaintiffs' Email Accounts.

74.     Without the Plaintiffs' authorization or knowledge, Defendants intentionally selected particular private electronic mail communications within the Plaintiffs' Email Accounts to duplicate, use, and distribute to third parties.

75.     Without the Plaintiffs' authorization or knowledge, Defendants did in fact intentionally duplicate, use, and distribute the Plaintiffs' private electronic mail communications.

76.     Plaintiffs did not engage in any activity or conduct that would diminish the private nature of their emails.

**CLAIMS FOR RELIEF**

**COUNT ONE**

**AS AND FOR A FIRST CAUSE OF ACTION**

**PLAINTIFF SEITZ AGAINST DEFENDANTS**

**VIOLATION OF FEDERAL WIRETAP ACT (18 U.S.C. §§ 2511, 2520)**

77.     Seitz hereby incorporates by reference Paragraphs 1 through 76 above in this First Count as though fully set forth herein.

78.     The private electronic mail communications between Seitz and Greg Welter constituted electronic communications.

79.     The Defendants intentionally accessed the GW Email Account without authorization.

80.     Upon information and belief, the Defendants intentionally accessed the Seitz Email Account without Seitz's authorization or knowledge.

81.     The Defendants intentionally obtained and read private electronic mail communications between Seitz and Greg Welter, particularly (though not exclusively) the Intercepted Emails, the Florida Email, and the Bank Email, from one or both of the Plaintiffs'

8

Email Accounts without the Plaintiffs' authorization or knowledge and, therefore, the Defendants intentionally intercepted electronic communications between the Plaintiffs.

82.     As to Defendant Tamara Welter, as an alternative to Defendant Tamara Welter engaging in the actual interception of each and every electronic communication contemporaneously with Defendant Robert Beeter as generally alleged above, Defendant Tamara Welter procured Defendant Robert Beeter to intercept such electronic communications where she did not engage in the actual interception herself.

83.     The Defendants used the contents of the private electronic mail communications between Seitz and Greg Welter, particularly (though not exclusively) the Intercepted Emails, the Florida Email, and the Bank Email, obtained without the Plaintiffs authorization or knowledge knowing or having reason to know that the information was obtained through the interception of an electronic communication.

84.     The Defendants disclosed to third parties the contents of the private electronic mail communications between Seitz and Greg Welter, particularly (though not exclusively) the Intercepted Emails, the Florida Email, and the Bank Email, obtained without the Plaintiffs authorization or knowledge knowing or having reason to know that the information was obtained through the interception of an electronic communication.

85.     The Defendants engaged in the foregoing wrongful conduct without Seitz's authorization or knowledge.

86.     By engaging in such conduct, Defendants violated the Electronic Communications Privacy Act, specifically 18 U.S.C. §§ 2511(1)(c) and (d).

87.     As a result of Defendants' conduct, Seitz suffered injuries and damages resulting therefrom that include, but are not limited to, violation of her statutory rights, invasion of her

privacy, and harmed reputation. Seitz has suffered and is continuing to suffer irreparable injury for which she has no adequate remedy at law.

88. WHEREFORE, Seitz prays as follows:

A. That the Court award her statutory damages pursuant to 18 U.S.C. § 2520(c)(2) against Defendants, jointly and severally;

B. That the Court award her punitive damages against Defendants, jointly and severally, in an amount to be determined at trial;

C. That the Court award her costs of suit, including attorneys' fees;

D. That the Court provide her injunctive relief in the form of an order:

i. permanently enjoining Defendants, individually and collectively, from intercepting any communications of Plaintiff Seitz;

ii. permanently enjoining Defendants, individually and collectively, from accessing, and attempting to access, Plaintiff Seitz's electronic mail accounts;

iii. permanently enjoining Defendants, individually and collectively, from using the contents of the electronic mail communications between Seitz and Greg Welter obtained from either of Plaintiffs' Email Accounts;

iv. permanently enjoining Defendants, individually and collectively, from disclosing to third parties the contents of the electronic mail communications between Seitz and Greg Welter obtained from either of Plaintiffs' Email Accounts; and,

v. requiring Defendants to permanently erase all electronic and other copies of intercepted communications;

vi.     permanently enjoining the Defendants, individually and collectively, from using a third party to engage in any of the foregoing conduct; and,

E.     That the Court award such other relief to which Seitz may be entitled or as justice may require.

**COUNT TWO**

**AS AND FOR A SECOND CAUSE OF ACTION**

**PLAINTIFF GREG WELTER AGAINST DEFENDANTS**

**VIOLATION OF FEDERAL WIRETAP ACT (18 U.S.C. §§ 2511, 2520)**

89.     Greg Welter hereby incorporates by reference Paragraphs 1 through 76 above in this Second Count as though fully set forth herein.

90.     The private electronic mail communications between Greg Welter and Seitz constituted electronic communications.

91.     The Defendants intentionally accessed the GW Email Account without authorization.

92.     The Defendants intentionally obtained and read private electronic mail communications between Seitz and Greg Welter, particularly (though not exclusively) the Intercepted Emails, the Florida Email, and the Bank Email, from one or both of the Plaintiffs' Email Accounts without the Plaintiffs' authorization or knowledge and, therefore, the Defendants intentionally intercepted electronic communications between the Plaintiffs.

93.     As to Defendant Tamara Welter, as an alternative to Defendant Tamara Welter engaging in the actual interception of each and every electronic communication contemporaneously with Defendant Robert Beeter as generally alleged above, Defendant Tamara Welter procured Defendant Robert Beeter to intercept such electronic communications where she

11

did not engage in the actual interception herself.

94.     The Defendants used the contents of the private electronic mail communications between Seitz and Greg Welter, particularly (though not exclusively) the Intercepted Emails, the Florida Email, and the Bank Email, obtained without the Plaintiffs authorization or knowledge knowing or having reason to know that the information was obtained through the interception of an electronic communication.

95.     The Defendants disclosed to third parties the contents of the private electronic mail communications between Seitz and Greg Welter, particularly (though not exclusively) the Intercepted Emails, the Florida Email, and the Bank Email, obtained without the Plaintiffs authorization or knowledge knowing or having reason to know that the information was obtained through the interception of an electronic communication.

96.     The Defendants intentionally obtained and read private electronic mail communications between Greg Welter and other parties from within the GW Email Account without Greg Welter's authorization or knowledge and therefore intentionally intercepted those electronic communications.

97.     As to Defendant Tamara Welter, as an alternative to Defendant Tamara Welter engaging in the actual interception of each and every electronic communication contemporaneously with Defendant Robert Beeter as generally alleged above, Defendant Tamara Welter procured Defendant Robert Beeter to intercept such electronic communications where she did not engage in the actual interception herself.

98.     The Defendants disclosed to third parties the contents of the private electronic mail communications between Greg Welter and third parties obtained without Greg Welter's authorization or knowledge knowing or having reason to know that the information was obtained

through the interception of an electronic communication.

99.     The Defendants disclosed to third parties the contents of the private electronic mail communications between Greg Welter and third parties obtained without Greg Welter's authorization or knowledge knowing or having reason to know that the information was obtained through the interception of an electronic communication.

100.    By the foregoing conduct, Defendants intentionally and surreptitiously recorded and duplicated Greg Welter's electronic mail communications.

101.    Defendants engaged in the foregoing wrongful conduct without Greg Welter's authorization or knowledge.

102.    By engaging in such conduct, Defendants violated the Electronic Communications Privacy Act, specifically 18 U.S.C. §§ 2511(1)(a), (c), and (d).

103.    As a result of Defendants' conduct, Greg Welter suffered injuries and damages resulting therefrom that include, but are not limited to, violation of his statutory rights, invasion of his privacy, and harmed reputation.  Greg Welter has suffered and is continuing to suffer irreparable injury for which he has no adequate remedy at law.

104.    WHEREFORE, Greg Welter prays as follows:

A.      That the Court award him statutory damages pursuant to 18 U.S.C. § 2520(c)(2) against Defendants, jointly and severally;

B.      That the Court award him punitive damages against Defendants, jointly and severally, in an amount to be determined at trial.

C.      That the Court award his costs of suit, including attorneys' fees;

D.      That the Court provide him injunctive relief in the form of an order:

        i.      permanently enjoining Defendants, individually and collectively, from intercepting any communications of Plaintiff Welter; and,

        ii.     permanently enjoining Defendants, individually and collectively, from accessing, and attempting to access, Plaintiff Welter's electronic mail accounts;

        iii.    permanently enjoining Defendants, individually and collectively, from using the contents of the electronic mail communications between Greg Welter and another party (including Seitz) obtained from either of Plaintiffs' Email Accounts;

        iv.    permanently enjoining Defendants, individually and collectively, from disclosing to third parties the contents of the electronic mail communications between Greg Welter and another party (including Seitz) obtained from either of Plaintiffs' Email Accounts; and,

        v.     requiring Defendants to permanently erase all electronic and other copies of intercepted communications;

        vi.    permanently enjoining the Defendants, individually and collectively, from using a third party to engage in any of the foregoing conduct; and,

E.    That the Court award such other relief to which Greg Welter may be entitled or as justice may require.

## COUNT THREE

## AS AND FOR A THIRD CAUSE OF ACTION

## PLAINTIFF SEITZ AGAINST DEFENDANTS

## VIOLATION OF STORED COMMUNICATIONS ACT (18 U.S.C. §§ 2701, ET SEQ.)

105.    Seitz hereby incorporates by reference Paragraphs 1 through 76 and 78 through 87 above in this Third Count as though fully set forth herein.

106.    By engaging in the foregoing conduct alleged herein, Defendants knowingly and/or intentionally accessed without authorization a facility through which an electronic communication service is provided, particularly the Yahoo!, Inc. servers hosting the Seitz Email Account and the GW Email Account, and obtained access to private electronic communications between the Plaintiffs while they were in electronic storage in such system.

107.    Alternatively, by engaging in the foregoing conduct alleged herein, Defendants knowingly and/or intentionally exceeded their authorized access to a facility through which an electronic communication service is provided, particularly the Yahoo!, Inc. servers hosting the Seitz Email Account and the GW Email Account, and obtained access to private electronic communications between the Plaintiffs while they were in electronic storage in such system.

108.    Defendants acted willfully and/or intentionally.

109.    Defendants violated the Stored Communications Act, specifically 18 U.S.C. §§ 2701(a).

110.    As a result of Defendants' conduct, Seitz suffered injuries and damages resulting therefrom that include, but are not limited to, violation of her statutory rights, invasion of her privacy, and harmed reputation.

111.    Seitz has suffered and is continuing to suffer irreparable injury for which she has no adequate remedy at law.

112.     WHEREFORE, Seitz prays as follows:

A.     That the Court award her statutory damages pursuant to 18 U.S.C. § 2707 against Defendants, jointly and severally;

B.     That the Court award her punitive damages against Defendants, jointly and severally, in an amount to be determined at trial.

C.     That the Court award her costs of suit, including attorneys' fees;

D.     That the Court provide her injunctive relief in the form of an order:

i.     permanently enjoining Defendants, individually and collectively, from accessing stored communications of Seitz;

ii.     permanently enjoining Defendants, individually and collectively, from accessing and/or attempting to access Seitz's electronic mail accounts;

iii.     permanently enjoining Defendants, individually and collectively, from using the contents of the electronic mail communications between Seitz and Greg Welter obtained from either of Plaintiffs' Email Accounts;

iv.     permanently enjoining Defendants, individually and collectively, from disclosing to third parties the contents of the electronic mail communications between Seitz and Greg Welter obtained from either of Plaintiffs' Email Accounts; and,

vii.     requiring Defendants to permanently erase all electronic and other copies of Seitz's communications obtained unlawfully;

viii.     permanently enjoining the Defendants, individually and collectively,  from using a third party to engage in any of the foregoing conduct; and,

E.      That the Court award such other relief to which Seitz may be entitled or as justice may require.

## COUNT FOUR
## AS AND FOR AN FOURTH CAUSE OF ACTION
## PLAINTIFF GREG WELTER AGAINST DEFENDANTS
## VIOLATION OF STORED COMMUNICATIONS ACT (18 U.S.C. §§ 2701, ET SEQ.)

113.    Greg Welter hereby incorporates by reference Paragraphs 1 through 76 and 90 through 103 above in this Fourth Count as though fully set forth herein.

114.    By engaging in the foregoing conduct alleged herein, Defendants knowingly and/or intentionally accessed without authorization a facility through which an electronic communication service is provided, particularly the Yahoo!, Inc. servers hosting the Seitz Email Account and the GW Email Account, and obtained access to Greg Welter's electronic communications while they were in electronic storage in such system.

115.    Alternatively, by engaging in the foregoing conduct alleged herein, Defendants knowingly and/or intentionally exceeded their authorized access to a facility through which an electronic communication service is provided, particularly the Yahoo!, Inc. servers hosting the Seitz Email Account and the GW Email Account, and obtained access to Greg Welter's electronic communications while they were in electronic storage in such system.

116.    Defendants acted willfully and/or intentionally.

117.    Defendants violated the Stored Communications Act, specifically 18 U.S.C. §§ 2701(a).

118.    As a result of Defendants' conduct, Greg Welter suffered injuries and damages resulting therefrom that include, but are not limited to, violation of his statutory rights, invasion of his privacy, and harmed reputation.

17

119. Greg Welter has suffered and is continuing to suffer irreparable injury for which he has no adequate remedy at law.

120. WHEREFORE, Greg Welter prays as follows:

A. That the Court award his statutory damages pursuant to 18 U.S.C. § 2707 against Defendants, jointly and severally;

B. That the Court award his punitive damages against Defendants, jointly and severally, in an amount to be determined at trial.

C. That the Court award his costs of suit, including attorneys' fees;

D. That the Court provide him injunctive relief in the form of an order:

i. permanently enjoining Defendants, individually and collectively, from accessing stored communications of Greg Welter;

ii. permanently enjoining Defendants, individually and collectively, from accessing and/or attempting to access Greg Welter's electronic mail accounts;

iii. permanently enjoining Defendants, individually and collectively, from using the contents of the electronic mail communications between Greg Welter and another party (including Seitz) obtained from either of Plaintiffs' Email Accounts;

iv. permanently enjoining Defendants, individually and collectively, from disclosing to third parties the contents of the electronic mail communications between Greg Welter and another party (including Seitz) obtained from either of Plaintiffs' Email Accounts; and,

      ix.     requiring Defendants to permanently erase all electronic and other copies of Greg Welter's stored communications obtained unlawfully;

      x.     permanently enjoining the Defendants, individually and collectively,  from using a third party to engage in any of the foregoing conduct; and,

      E.     That the Court award such other relief to which Greg Welter may be entitled or as justice may require.

**COUNT FIVE**

**AS AND FOR A FIFTH CAUSE OF ACTION**

**PLAINTIFF SEITZ AGAINST DEFENDANTS**

**VIOLATION OF COMPUTER FRAUD AND ABUSE ACT (18 U.S.C. § 1030)**

121.    Seitz hereby incorporates by reference Paragraphs 1 through 76, 78 through 87, and 106 through 111 above in this Fifth Count as though fully set forth herein.

122.    Defendants knowingly and with an intent to commit fraud obtained unauthorized access or exceeded their authorized access to the Yahoo!, Inc. computer(s) and/or other computers storing the Plaintiffs' Email Accounts and to the contents within one or both of the Plaintiff's Email Accounts for purposes of furthering their fraud upon Seitz and/or Greg Welter.

123.    The Defendants intended to commit fraud against Seitz by representing themselves as Seitz and/or impersonating her.

124.    The Defendants intended to harm Seitz personally.

125.    The Defendants intended to commit fraud against Greg Welter by representing themselves as Greg Welter and/or impersonating him.

126.    The Defendants also intended to commit fraud against Greg Welter by obtaining his private electronic communications for purposes of using them against Greg Welter to the

Defendants' advantage.

127.    The Defendants intended to harm Greg Welter personally.

128.    The Defendants intended to commit fraud against Yahoo! by impersonating Seitz and/or Greg Welter for purposes of Yahoo! providing the Defendants access to one or both of the Plaintiffs' Email Accounts.

129.    Defendants obtained private electronic mail communications between Seitz and Greg Welter.

130.    Upon information and belief, the Defendants obtained private electronic mail communications between Seitz and other third parties.

131.    The Defendants obtained private electronic mail communications between Greg Welter and other third parties.

132.    The private electronic mail communications were valuable and resulted in financial harm to Seitz.

133.    The private electronic mail communications were valuable and resulted in financial harm to Greg Welter.

134.    Defendants' conduct violates the Computer Fraud and Abuse Act, 18 U.S.C. § 1030(a)(4).

135.    The Defendants conspired with one another to commit the foregoing acts and, consequently, also violated § 1030(b) of the Computer Fraud and Abuse Act.

136.    Seitz has suffered loss aggregating in more than $5,000 including, but not limited to, costs of responding to the violations in the form of attorney's fees.

137.    WHEREFORE, Seitz prays as follows:

20

A.    That the Court award her economic damages pursuant to 18 U.S.C. § 1030(g) against Defendants, jointly and severally;

B.    That the Court provide her injunctive relief in the form of an order:

    i.    permanently enjoining the Defendants, individually and collectively, from accessing or attempting to access any accounts of Seitz;

    ii.    requiring Defendants to permanently erase all electronic and other copies of Seitz's electronic communications obtained unlawfully; and,

    iii.    permanently enjoining the Defendants, individually and collectively, from using a third party to engage in any of the foregoing conduct; and,

C.    That the Court award such other relief to which Seitz may be entitled or as justice may require.

**COUNT SIX**

**AS AND FOR A SIXTH CAUSE OF ACTION**

**GREG WELTER AGAINST DEFENDANTS**

**VIOLATION OF COMPUTER FRAUD AND ABUSE ACT (18 U.S.C. § 1030)**

138.    Greg Welter hereby incorporates by reference Paragraphs 1 through 76, 90 through 103, and 114 through 119 above in this Sixth Count as though fully set forth herein.

139.    Defendants knowingly and with an intent to commit fraud obtained unauthorized access or exceeded authorized access to Yahoo!, Inc. computers and/or other computers storing the Plaintiffs' Email Accounts and to the contents within one or both of the Plaintiff's Email Accounts for purposes of furthering their fraud upon Greg Welter.

140.    The Defendants intended to commit fraud against Greg Welter by representing themselves as Greg Welter and/or impersonating him.

141.    The Defendants intended to commit fraud against Greg Welter by obtaining his private electronic communications for purposes of using them against Greg Welter to the Defendants' advantage.

142.    The Defendants intended to harm Greg Welter personally.

143.    The Defendants intended to commit fraud against Yahoo! by impersonating Seitz and/or Greg Welter for purposes of Yahoo! providing the Defendants access to one or both of the Plaintiffs' Email Accounts.

144.    Defendants obtained private electronic mail communications between Greg Welter and Seitz as well as between Greg Welter and other third parties.

145.    The private electronic mail communications were valuable and resulted in financial harm to Greg Welter.

146.    Defendants' conduct violates the Computer Fraud and Abuse Act, 18 U.S.C. § 1030(a)(4).

147.    The Defendants conspired with one another to commit the foregoing acts and, consequently, violated § 1030(b) of the Computer Fraud and Abuse Act.

148.    Greg Welter has suffered loss aggregating in more than $5,000 including, but not limited to, costs of responding to the violations in the form of attorney's fees.

149.    WHEREFORE, Greg Welter prays as follows:

    A.    That the Court award him economic damages pursuant to 18 U.S.C. § 1030(g) against Defendants, jointly and severally;

    B.    That the Court provide him injunctive relief in the form of an order:

        i.    permanently enjoining the Defendants, individually and collectively, from accessing any accounts of Greg Welter;

22

ii.      requiring Defendants to permanently erase all electronic and other copies of Greg Welter's stored communications obtained unlawfully; and,

iii.      permanently enjoining the Defendants, individually and collectively,  from using a third party to engage in any of the foregoing conduct; and,

C.      That the Court award such other relief to which Greg Welter may be entitled or as justice may require.

## COUNT SEVEN
## AS AND FOR A SEVENTH CAUSE OF ACTION
## PLAINTIFF SEITZ AGAINST ALL DEFENDANTS
## INTRUSION UPON SECLUSION

150.      Seitz hereby incorporates by reference Paragraphs 1 through 76, 78 through 87, 106 through 111, and 122 through 136 above in this Seventh Count as though fully set forth herein.

151.      Defendants violated federal and Illinois state statutes prohibiting unauthorized interception, recording, reading, and use of electronic communications.

152.      Defendants made an unauthorized intrusion and prying into Seitz's privacy and seclusion when they intercepted Seitz's private electronic mail communications with Greg Welter.

153.      Defendants made an unauthorized intrusion and prying into Seitz's privacy and seclusion when they recorded Seitz's private electronic mail communications with Greg Welter.

154.      Defendants made an unauthorized intrusion and prying into Seitz's privacy and seclusion when they used Seitz's private electronic mail communications with Greg Welter.

155.    Defendants made an unauthorized intrusion and prying into Seitz's privacy and seclusion when they disclosed to third parties Seitz's private electronic mail communications with Greg Welter.

156.    Defendants made an unauthorized intrusion and prying into Seitz's privacy and seclusion when they, upon information and belief, impersonated her.

157.    The Defendants did not have authority to engage in their wrongful conduct.

158.    Defendants' intrusions were unauthorized and unreasonable.

159.    Defendants' intrusions are offensive to a reasonable person.

160.    Defendants' intrusions are objectionable to a reasonable person.

161.    The electronic mail communications between Seitz and parties other than the Defendants were private.

162.    Seitz considered her electronic mail communications to be private.

163.    The intrusion upon Seitz's private electronic mail communications caused Seitz damages and injuries including, but not limited to, anguish and suffering, harmed reputation, embarrassment, invasion of her privacy, and loss of trust.

164.    WHEREFORE, Seitz prays as follows:

A.      That the Court award her compensatory damages against all Defendants, jointly and severally, for intrusion upon seclusion in an amount to be determined at trial, together with interest and costs of suit;

B.      That the Court award her punitive damages against all Defendants, jointly and severally, for intrusion upon seclusion in an amount to be determined at trial;

C.      That the Court provide her injunctive relief in the form of an order:

i.      permanently enjoining Defendants, individually and collectively, from intercepting and/or accessing as well as attempting to intercept and/or access any communications of Seitz;

ii.      permanently enjoining Defendants, individually and collectively, from accessing and/or attempting to access Seitz's electronic mail accounts;

iii.      permanently enjoining Defendants, individually and collectively, from using and/or attempting to use private electronic mail communications to which Seitz is a party;

iv.      permanently enjoining Defendants, individually and collectively, from disclosing to third parties and/or attempting to disclose to third parties private electronic mail communications to which Seitz is a party;

v.      permanently enjoining Defendants, individually and collectively, from representing themselves as Seitz and/or impersonating her;

vi.      requiring Defendants to permanently erase all electronic and other copies of Seitz's communications obtained unlawfully; and,

vii.      permanently enjoining the Defendants, individually and collectively,  from using a third party to engage in any of the foregoing conduct; and,

D.      That the Court award such other relief to which Seitz may be entitled or as justice may require.

## COUNT EIGHT
## AS AND FOR AN EIGHTH CAUSE OF ACTION
## PLAINTIFF GREG WELTER AGAINST ALL DEFENDANTS
## INTRUSION UPON SECLUSION

165.    Greg Welter hereby incorporates by reference Paragraphs 1 through 76, 90 through 103, 114 through 119, and 139 through 148 above in this Eighth Count as though fully set forth herein.

166.    Defendants violated federal and Illinois state statutes prohibiting unauthorized interception, recording, reading, and use of electronic communications.

167.    Defendants made an unauthorized intrusion and prying into Greg Welter's privacy and seclusion when they intercepted Greg Welter's private electronic mail communications.

168.    Defendants made an unauthorized intrusion and prying into Greg Welter's privacy and seclusion when they recorded Greg Welter's private electronic mail communications.

169.    Defendants made an unauthorized intrusion and prying into Greg Welter's privacy and seclusion when they used Greg Welter's private electronic mail communications.

170.    Defendants made an unauthorized intrusion and prying into Greg Welter's privacy and seclusion when they disclosed to third parties Greg Welter's private electronic mail communications.

171.    Defendants made an unauthorized intrusion and prying into Greg Welter's privacy and seclusion when they impersonated him.

172.    The Defendants did not have authority to engage in their wrongful conduct.

173.    Defendants' intrusions were unauthorized and unreasonable.

174.    Defendants' intrusions are offensive to a reasonable person.

175.    Defendants' intrusions are objectionable to a reasonable person.

26

176.     The electronic mail communications between Greg Welter and parties other than the Defendants were private.

177.     Greg Welter considered his electronic mail communications to be private.

178.     The intrusion upon Greg Welter's private electronic mail communications caused Greg Welter damages and injuries including, but not limited to, anguish and suffering, harmed reputation, embarrassment, invasion of his privacy, and loss of trust.

179.     WHEREFORE, Greg Welter prays as follows:

A.     That the Court award him compensatory damages against all Defendants, jointly and severally, for intrusion upon seclusion in an amount to be determined at trial, together with interest and costs of suit;

B.     That the Court award him punitive damages against all Defendants, jointly and severally, for intrusion upon seclusion in an amount to be determined at trial;

C.     That the Court provide him injunctive relief in the form of an order:

i.     permanently enjoining Defendants, individually and collectively, intentionally intercepting and/or accessing as well as attempting to intercept and/or access any communications of Greg Welter;

ii.     permanently enjoining Defendants, individually and collectively, from accessing and/or attempting to access Greg Welter's electronic mail accounts;

iii.     permanently enjoining Defendants, individually and collectively, from using and/or attempting to use private electronic mail communications to which Greg Welter is a party;

iv.     permanently enjoining Defendants, individually and collectively, from disclosing to third parties and/or attempting to disclose to third parties private electronic mail communications to which Greg Welter is a party;

v.     permanently enjoining Defendants, individually and collectively, from representing themselves as Greg Welter and/or impersonating him;

vi.     requiring Defendants to permanently erase all electronic and other copies of Greg Welter's communications obtained unlawfully; and,

vii.     permanently enjoining the Defendants, individually and collectively, from using a third party to engage in any of the foregoing conduct; and,

D.     That the Court award such other relief to which Greg Welter may be entitled or as justice may require.

## **GENERAL**

180.     Where conditions precedent are alleged, Plaintiffs aver that all conditions precedent have been performed or have occurred.

181.     Plaintiffs demand a jury trial.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFFS DEBRA SEITZ and GREG WELTER accordingly and respectfully pray for judgment against DEFENDANTS ROBERT BEETER and TAMARA WELTER as follows:

1.      That PLAINTIFFS be awarded statutory damages;

2.      That PLAINTIFFS be awarded compensatory damages in an amount to be determined at trial;

3.      That PLAINTIFFS be awarded punitive damages in an amount to be determined at trial;

4.      That PLAINTIFFS be awarded their attorney's fees and costs in this action;

5.      That PLAINTIFFS be awarded the injunctive relief sought; and

6.      That PLAINTIFFS be awarded any such other and further relief as this Court may deem just and proper or to which Plaintiffs may be entitled as a matter of law or equity.


Dated:  Chicago, Illinois                     Respectfully submitted,
        December 21, 2011                     PLAINTIFFS,
                                              DEBRA SEITZ and
                                              GREG WELTER

                                              /s/Charles Lee Mudd Jr.
                                              By:    One of Their Attorneys
                                                     Charles Lee Mudd Jr.
                                                     Mudd Law Offices
                                                     3114 West Irving Park Road
                                                     Suite 1W
                                                     Chicago, Illinois  60618
                                                     773.588.5410 Telephone
                                                     773.588.5440 Facsimile
                                                     Illinois ARDC: 6257957
                                                     cmudd@muddlawoffices.com

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| DEBRA SEITZ and GREG WELTER | ) | **VERIFIED AMENDED COMPLAINT** |
| | ) | **and JURY DEMAND** |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No.11-cv-4803 |
| | ) | |
| ROBERT BEETER and TAMARA WELTER, | ) | Judge Joan H. Lefkow |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| STATE OF ILLINOIS | ) | |
| | ) | SS: |
| COUNTY OF COOK | ) | |

**DEBRA SEITZ, being first duly sworn, deposes and states as follows:**

That deponent is a Plaintiff; that deponent has read the foregoing Verified Amended Complaint and knows the contents thereof; that the same is true to the deponent's own knowledge, except as to those matters therein stated to be alleged upon information and belief, and as to those matters deponent believes them to be true. The basis of said belief arises from deponent's use of and experiences with her electronic mail accounts.

_____
Debra Seitz

Sworn to before me this

__21__ day of December 2011.

_____
Notary Public

OFFICIAL SEAL
S.E. DeMars
NOTARY PUBLIC, STATE OF ILLINOIS
My Commission Expires 9-29-2012

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

DEBRA SEITZ and GREG WELTER     )  **VERIFIED AMENDED COMPLAINT**
                                  )  **and JURY DEMAND**

       Plaintiffs,               )

               v.                 )  No.11-cv-4803

                                  )

ROBERT BEETER and TAMARA WELTER, ) Judge Joan H. Lefkow

                                  )

       Defendants.             )

STATE OF ILLINOIS        )
                          ) SS:
COUNTY OF COOK       )

**GREG WELTER, being first duly sworn, deposes and states as follows:**

That deponent is a Plaintiff; that deponent has read the foregoing Verified Amended Complaint and knows the contents thereof; that the same is true to the deponent's own knowledge, except as to those matters therein stated to be alleged upon information and belief, and as to those matters deponent believes them to be true. The basis of said belief arises from deponent's use of and experiences with his electronic mail accounts.

_____
Greg Welter

Sworn to before me this

__21__ day of December 2011.

_____

> OFFICIAL SEAL
> S.E.DeMars
> NOTARY PUBLIC, STATE OF ILLINOIS
> My Commission Expires 9-29-2012

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF ILLINOIS

### EASTERN DIVISION

| | | |
|---|---|---|
| DEBRA SEITZ and GREG WELTER | ) | **VERIFIED AMENDED COMPLAINT** |
| | ) | **and JURY DEMAND** |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No.11-cv-4803 |
| | ) | |
| ROBERT BEETER and TAMARA WELTER, | ) | Judge Joan H. Lefkow |
| | ) | |
| Defendants. | ) | |

## JURY DEMAND

Plaintiffs demand trial by jury.

/s/Charles Lee Mudd Jr.
Charles Lee Mudd Jr.