UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DEBRA SEITZ and GREG WELTER, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No.11-cv-4803 |
| | ) | |
| ROBERT BEETER, TAMARA WELTER, | ) | Judge Joan H. Lefkow |
| and CITY OF ELGIN, | ) | |
| | ) | Magistrate Judge Geraldine Soat Brown |
| Defendants. | ) | |
| ROBERT BEETER and TAMARA WELTER | ) | |
| | ) | |
| Counter-Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| GREG WELTER | ) | |
| | ) | |
| Counter-Defendant. | ) | |

**PLAINTIFF / COUNTER-DEFENDANT GREG WELTER'S MOTION TO DISMISS DEFENDANTS / COUNTER-PLAINTIFFS ROBERT BEETER AND TAMARA WELTER'S COUNTERCLAIMS**

Plaintiff/Counter-Defendant GREG WELTER ("Plaintiff Welter"), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, moves to dismiss Defendant/Counter-Plaintiff ROBERT BEETER'S ("Defendant Beeter") AMENDED COUNTERCLAIM and Defendant/Counter-Plaintiff TAMARA WELTER'S ("Defendant Welter") COUNTERCLAIM against him. In support of this motion, GREG WELTER states as follows:

**Introduction**

Each of the Counterclaims filed by Defendant Beeter and Defendant Welter (collectively, "Defendants") brought under the Federal Wiretap Act, Stored Communications Act, and Illinois state law ("Counterclaims") fail as a matter of law because they depend upon alleged facts which,

when taken as true, indicate that the statute of limitations for each counterclaim has elapsed. Given these Counterclaims constitute the only claims brought against Plaintiff Welter by the Defendants, the Defendants fail to state a claim against Plaintiff Welter upon which relief can be granted, and the Counterclaims must be dismissed with prejudice.

## Standard

In deciding a motion to dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court will accept all well-pleaded facts as true and will draw all reasonable inferences in favor of the claimant. See Hernandez v. City of Goshen, 324 F.3d 535, 537 (7th Cir. 2003). However, a plaintiff must allege in its complaint sufficient facts to set forth the essential elements of a cause of action to survive a motion to dismiss. See Lucien v. Preiner, 967 F.2d 1166, 1168 (7th Cir. 1992), cert. denied, 506 U.S. 893 (1992). Indeed, a Court must dismiss any claim where it appears beyond all doubt that the claimant can prove no set of facts that would entitle him to relief. See id.

## Argument

The Defendants' Counterclaims must be dismissed because they clearly fall outside the applicable statutes of limitations. While the Defendants are not necessarily required to negate an affirmative defense in their counterclaims, "if [a Plaintiff] pleads facts that show his suit is time-barred or otherwise without merit, he has pleaded himself out of court." Tregenza v. Great Am. Comm's. Co., 12 F.3d 717, 718 (7th Cir. 1993), cert. denied, 114 S. Ct. 1837 (1994), abrogated on other grounds by McCann v. Hy-Vee, Inc., 663 F.3d 926 (7th Cir. 2011). If, as here, the existence of the valid statute of limitations affirmative defense is so obvious from the face of the claim that the suit can be regarded as frivolous, dismissal is justified. Walker v. Thompson, 288 F.3d 1005, 1010 (7th Cir. 2002).

Here, Defendants have each alleged violations of the Federal Wiretap Act ("FWA"), 18 U.S.C. § 2511, the Stored Communications Act ("SCA"), 18 U.S.C. § 2701, and the state common law tort of intrusion upon seclusion against Plaintiff Welter. The statute of limitations for the Federal Wiretap Act is two years. 18 U.S.C. § 2520(e). This time period begins to run when a potential plaintiff has had "a reasonable opportunity to discover the violation." Id. Similarly, the Stored Communications Act provides a two year statute of limitations, stating that claims brought pursuant to the Act must be brought "no later than two years after the date upon which the claimant first discovered or had a reasonable opportunity to discover the violation." 18 U.S.C. § 2707(f). Indeed, for both a FWA and an SCA claim, inquiry notice is sufficient for the limitations period to begin running. Davis v. Zirkelbach, 149 F.3d 614, 618 (7th Cir. 1998). Finally, the state law claim of intrusion upon seclusion has, as a privacy tort, only a one year statute of limitations in Illinois. 735 ILCS 5/13-201.

Here, the Defendants base their nearly identical Counterclaims upon allegations that Plaintiff Welter gained unauthorized access to the email account Defendant Welter created in connection with her employment by City of Elgin. Def. Beeter's C'claims ¶¶ 9-10; Def. Welter's C'claims ¶¶ 8-9. In accessing that account, Plaintiff Welter is alleged to have accessed, opened, read, and printed copies of emails stored in the account. Def. Beeter's C'claims ¶ 19; Def. Welter's C'claims ¶ 16. Particularly, the Counterclaims allege that Plaintiff Welter accessed "private" communications sent between the Defendants using their public email addresses associated with their employment for the City of Elgin. Def. Beeter's C'claims ¶¶ 10-12; Def. Welter's C'claims ¶¶ 10-11. The Counterclaims further allege that, after accessing these "private" communications, Plaintiff Welter read, disclosed, distributed, and used those emails without authorization. Def. Beeter's C'claims ¶¶ 18-19, 22-15; Def. Welter's C'claims ¶¶ 20-22, 24-27.

Defendant Beeter alleges this conduct occurred in December 2009 while the Defendants were engaged in their extra-marital affair. Def. Beeter's C'claims. ¶¶ 10, 17. Because Defendant Welter alleges the same conduct, it must be presumed she necessarily refers to the same time period. See Def. Welter's C'claims.

The applicable statutes of limitation on the counterclaims have clearly expired. The federal claims must be brought within two years. All of both Defendants' counterclaims are time-barred because they have not been brought within the two year time limit. Defendant Beeter has alleged that the relevant conduct took place in December of 2009. Def. Beeter's C'claims. ¶¶ 10, 17. He filed his Counterclaims on October 5, 2012. See Def. Beeter's C'claims. Consequently, nearly three years have elapsed since the statute of limitations began to run. Clearly, the state claim with a one year statute of limitations has expired. Moreover, Defendant Beeter's federal claims are also filed nearly one year beyond the statute of limitations. See 18 U.S.C. § 2520(e); 18 U.S.C. § 2707(f). They must all be dismissed.

As to Defendant Welter's Counterclaims, they too must be dismissed. In her Answer to Plaintiffs Verified Third Amended Complaint, Defendant Welter plead an affirmative defense of unclean hands which defense states, in relevant part: "Plaintiff Greg Welter has admitted to actions, prior *to any alleged action on the part of Defendant Tamara Welter* … which amount to the same violations of the Federal Wiretap Act, the Stored Communications Act, and Intrusion Upon Seclusion … ." Def. Welter's Ans. to Ver. Third Am. Compl. p. 42 (emphasis added). In his Verified Third Amended Complaint, Plaintiff Welter alleged conduct by Defendant Welter as early as August of 2010. Ver. Third Am. Compl. ¶¶ 37, 90. Based on the assertions by Defendant Welter in her affirmative defense, the conduct upon which her counterclaims are based took place before August 2010 at the latest. Defendant Welter's Counterclaims were filed on October 9,

2012. See Def. Welter's C'claims. Therefore, the statute of limitations has elapsed for each of Defendant Welter's Counterclaims. See 18 U.S.C. § 2520(e); 18 U.S.C. § 2707(f); 735 ILCS 5/13-201.

Each of Defendant Beeter and Defendant Welter's counterclaims is predicated upon conduct that, as described by the Defendants' own pleadings, took place more than two years before the Counterclaims were filed on October 5, 2012 and October 9, 2012 respectively.[1] Def. Welter's Ans. to Ver. Third Am. Compl.; Def. Beeter's C'claims. Therefore, each and every one of these Counterclaims is time-barred and must be dismissed. See 18 U.S.C. § 2520(e); 18 U.S.C. § 2707(f), 735 ILCS 5/13-201.

## Conclusion

WHEREFORE, based on the foregoing reasons, Plaintiff/Counter-Defendant GREG WELTER requests that Defendant/Counter-Plaintiff Robert Beeter's Amended Counterclaims and Defendant/Counter-Plaintiff Tamara Welter's Counterclaims be dismissed with prejudice pursuant to Rule 12(b)(6). See Walker, 288 F.3d at 1010 (7th Cir. 2002).

                Respectfully submitted,

Dated: Chicago, Illinois        PLAINTIFF/COUNTER-DEFENDANT,
      October 26, 2012        GREG WELTER

                s/Stephanie M. Snyder
                By: One of His Attorneys
                    Stephanie M. Snyder
                    Mudd Law Offices
                    3114 West Irving Park Road, Suite 1W
                    Chicago, Illinois 60618
                    773.588.5410 Telephone
                    773.588.5440 Facsimile
                    Illinois ARDC: 6307046
                    ssnyder@muddlawoffices.com

---

[1] Defendant Beeter previously filed Answers in this action on January 18, 2012 and June 14, 2012. Defendant Welter previously filed Answers on February 2, 2012 and June 21, 2012. However, neither Defendant raised counterclaims until October 2012.