# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 4803 | **DATE** | 11/13/2012 |
| **CASE TITLE** | Seitz et al. vs. Beeter et al. | | |

**DOCKET ENTRY TEXT**

Motion by defendant City of Elgin to dismiss Count IX of plaintiffs' third amended complaint (#62) is granted with prejudice. See statement section of this order for details.

■[ For further details see text below.]   Notices mailed by Judicial staff.

## STATEMENT

Plaintiffs Debra Seitz and Greg Welter (collectively "plaintiffs") filed this nine count third amended complaint against defendants Robert Beeter, Tamara Welter and the City of Elgin (the "City") (collectively "defendants") alleging that Beeter and Welter intercepted plaintiffs' private personal and business emails without authorization and used them to draft an anonymous letter to the City. The anonymous letter alleged that Greg Welter, then employed as a City police officer, misused a City data system to obtain vehicle identification numbers for vehicles parked in front of properties owned and/or managed by plaintiffs' real estate business. The City then confronted plaintiffs about the contents of the letter. Plaintiffs allege violations of the Electronic Communications Privacy Act ("ECPA" or the "Act" a/k/a the Federal Wiretap Act), 18 U.S.C. §§ 2510–2522, the Stored Communications Act, 18 U.S.C. §§ 2701–2712, the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, and various state privacy laws. Count IX, the sole count against the City, alleges that the City violated ECPA by using the content of emails obtained by Beeter and Welter without plaintiffs' authorization. The City has moved to dismiss this count under Federal Rule of Civil Procedure 12(b)(6) arguing that it is immune from liability under the Act.

ECPA prohibits "any person" from "intentionally intercept[ing], endeavor[ing] to intercept, or procur[ing] any other person to intercept or endeavor to intercept, any wire, oral, or electronic communication." 18 U.S.C. § 2511(1)(a). The Act defines "person" to mean "any employee, or agent of the United States or any State or political subdivision thereof, and any individual, partnership, association, joint stock company, trust, or corporation." 18 U.S.C. § 2510(6).

In *Abbott* v. *Village of Winthrop*, the Seventh Circuit addressed whether municipalities are subject to liability under § 2520(a) of the Act. 205 F.3d 976, 980–81 (7th Cir. 2000). It held that they are not. *Id.* at 981. At the time of the Seventh Circuit's decision, § 2520(a) read as follows:

**STATEMENT**

"Except as provided in section 2511(2)(a)(ii), any person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of this chapter may in a civil action recover from the person or entity which engaged in that violation such relief as may be appropriate."

18 U.S.C. § 2520(a). In reaching its holding, the Seventh Circuit rejected the argument that the addition of the word "entity" in this section meant that Congress intended for municipalities to be held liable under the Act. Explaining its reasoning the Seventh Circuit stated,

"The legislative history is silent as to the reason behind the addition of the term 'entity' in § 2520(a). As the court in *Amati* v. *City of Woodstock*, 829 F. Supp. 998 (N.D. Ill. 1993) concluded, '[i]t is unreasonable to conclude that Congress intended to subject an entire class of defendants to potential liability without any expression of that intent in the legislative commentary.' *Id.* at page 1003. In an excellent discussion of the history of the Federal Wiretap Act, the *Amati* court also recounts the numerous proofs that Congress intended to exclude governmental entities from those subject to liability under the Act. *Id.* at 1001–03. We, too, are persuaded that municipalities are immune from suit, not only because of the corroborating testimony in the legislative history, but simply because Congress has never amended the definition of 'person' in § 2510(6). That definition unequivocally excludes local governmental entities from its definition of person and continues to apply to the entire chapter."

*Abbott*, 205 F.3d at 980. The court reversed and remanded with instructions to enter judgment in favor of the Village of Winthrop Harbor on the ECPA count. *Id.* at 983.

After *Abbott* in 2001, Congress amended § 2520(a) to read as follows:

"Except as provided in section 2511(2)(a)(ii), any person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of this chapter may in a civil action recover from the person or entity, <u>other than the United States</u>, which engaged in that violation such relief as may be appropriate."

18 U.S.C. § 2520(a) (underline added). This is the current version of the statute. Plaintiffs argue that the addition of the words "other than the United States" altered the meaning of the law and *Abbott* is no longer controlling. The court's reasoning in *Abbott*, however, remains unaffected by the amendment. In *Abbott*, the Seventh Circuit relied on the legislative history of the Act and the definition of the term "person," which it found to "unequivocally exclude[] local government entities." *Abbott*, 205 F.3d at 980. This definition has remained unchanged since *Abbott*. Moreover, since 2001, courts in this circuit have consistently dismissed claims brought against municipalities under the Act. *See Franklin* v. *City of Chicago Police Dep't*, 175 Fed. App'x 740, 741–42 (7th Cir. 2005) (unpublished) (holding that "a municipality cannot be held liable under the Federal Wiretapping Act" and affirming dismissal of ECPA count against the City); *Steinbach* v. *Vill. of Forest Park*, No. 06 C 4215, 2009 WL 2605283, at *3 (N.D. Ill. Aug. 25, 2009) (dismissing ECPA count against the Village holding that "[e]ven after the enactment of the PATRIOT ACT, *Abbott* remains good law in this Circuit and must be followed"); *Lombardi* v. *Range*, No. 01 C 6444, 2003 WL 21800071, at *6 (N.D. Ill. July 23, 2003) (granting summary judgment to the Village because municipalities are immune from suit under the Act). Despite plaintiffs' arguments to the contrary, this court agrees with the *Steinbach* court that *Abbott* remains good law. The City's motion to dismiss Count IX is therefore granted.[1]

---

1. Because the court concludes that the City is immune from liability on this count it declines to consider the City's other arguments in favor of dismissal.