Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 4803 | **DATE** | 1/31/2013 |
| **CASE TITLE** | Seitz et al. vs. Beeter | | |

**DOCKET ENTRY TEXT**

In-court ruling date of 1/31/2013 stricken. Plaintiff Greg Welter's motion to dismiss defendant Robert Beeter's amended counterclaim (#80) is denied. See statement section of this order for details.

■[ For further details see text below.]   Notices mailed by Judicial staff.

## STATEMENT

On October 5, 2012, defendant Robert Beeter filed a three count amended counterclaim against plaintiff Greg Welter[1] alleging violations of the Electronic Communications Privacy Act ("the Federal Wiretap Act"), 18 U.S.C. §§ 2510–2522 (Count I), the Stored Communications Act, 18 U.S.C. §§ 2701–2712 (Count II), and a state law claim for intrusion upon seclusion (Count III).[2] The amended counterclaim alleges that defendant Beeter and Tamara Welter (Greg's ex-wife)[3] both created email accounts through their employer, the City of Elgin, and used these accounts for their business and personal communications.[4] In December 2009, Greg obtained access to Tamara's work email account and read and distributed emails between Tamara and Beeter without authorization. Greg's actions in this regard form the basis of Beeter's amended counterclaim. Greg has now moved to dismiss Counts I and II of the amended counterclaim under Federal Rule of Civil Procedure 12(b)(6) arguing that they are untimely.

**Legal Standard**

A motion to dismiss under Rule 12(b)(6) challenges a complaint for failure to state a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6); *GE Capital Corp.* v. *Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997). In ruling on a 12(b)(6) motion, the court accepts as true all well-pleaded facts in the defendant's counterclaim and draws all reasonable inferences from those facts in the defendant's favor. *See Dixon* v. *Page*, 291 F.3d 485, 486 (7th Cir. 2002). To survive a Rule 12(b)(6) motion, the counterclaim must not only provide fair notice of a claim's basis, but must also establish that the requested relief is plausible on its face. *See Ashcroft* v. *Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); *Bell Atl.* v. *Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "A [counter]claim has facial plausibility when [it] pleads factual content that allows the court to draw the reasonable inference that the [counter-defendant] is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. At the same time, the counterclaim need not plead legal theories. *Hatmaker* v. *Mem'l Med. Ctr.*, 619 F.3d 741, 743 (7th Cir. 2010).

| **STATEMENT** |
|---|

Rather, it is the facts that count.

The statute of limitations operates as an affirmative defense. *See* Fed. R. Civ. P. 8(c)(1). An affirmative defense need not be anticipated in the counterclaim to survive a motion to dismiss. *See United States* v. *Lewis*, 411 F.3d 838, 842 (7th Cir. 2005). A counter-plaintiff may, however, "plead [himself] out of court by pleading facts that establish an impenetrable defense to [his] claims." *Tamayo* v. *Blagojevich*, 526 F.3d 1074, 1086 (7th Cir. 2008).

**Analysis**

The Federal Wiretap Act and the Stored Communications Act both contain a two-year statute of limitations that begins to run when the claimant had a reasonable opportunity to discover the violation. *See* 18 U.S.C. § 2520(e) (Federal Wiretap Act); 18 U.S.C. § 2707(f) (Stored Communications Act). The violations alleged in the amended counterclaim took place in December 2009 and defendant Beeter first asserted Counts I and II on October 5, 2012, after the limitations period had expired. (*See* Dkt. #76.) Nonetheless, Beeter argues that his claims are timely because they are compulsory and therefore the limitations period was tolled during the pendency of the present lawsuit under Federal Rule of Civil Procedure 13(a).

Rule 13(a) applies to compulsory counterclaims and states that "[a] pleading must state as a counterclaim any claim that--at the time of its service--the pleader has against an opposing party if the claim . . . arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and . . . does not require adding another party over whom the court cannot acquire jurisdiction." Fed. R. Civ. P. 13(a).

Beeter argues that the filing of a complaint tolls the statute of limitations for compulsory counterclaims. The Seventh Circuit has recognized in dicta that "[t]here is authority that the filing of a claim tolls the statute of limitations on any compulsory counterclaim," *Asset Allocation & Mgmt. Co.* v. *W. Employers Ins. Co.*, 892 F.2d 566, 571 (7th Cir. 1989) (citing *Burlington Indus., Inc.* v. *Milliken & Co.*, 690 F.2d 380, 389 (4th Cir. 1982); 6 Wright & Miller, Federal Practice and Procedure § 1419 (1971)), and other judges in this district have found the same. *See Bd. of Ed. of City of Chicago* v. *Wolinsky*, 842 F. Supp. 1080, 1084 (N.D. Ill. 1993) ("It has been held that, under the Federal Rules of Civil Procedure, a plaintiff's institution of a lawsuit tolls or suspends the running of the statute of limitations governing a compulsory counterclaim.") (internal quotation marks and citations omitted); *accord Salstone* v. *Gen. Felt Indus., Inc.*, No. 84 C 9976, 1990 WL 37265, at *3 (N.D. Ill. Mar. 5, 1990) ("Under federal law, the better and majority view is that a plaintiff's institution of a lawsuit tolls or suspends the running of the statute of limitations governing a compulsory counterclaim.") (citations omitted). Although the Seventh Circuit has not directly addressed the issue, the court finds the aforementioned authority persuasive and holds that the institution of the plaintiff's suit suspends the running of the statute of limitations governing a compulsory counterclaim. As such, Beeter's amended counterclaim, if compulsory, was tolled upon the filing of the complaint. If compulsory, Beeter's counterclaim was timely filed because Greg allegedly accessed Beeter's private communications in December 2009 and the complaint was filed within two years of that date on July 15, 2011.

To determine whether a counterclaim is compulsory, the court must ascertain whether it arose from the same transaction or occurrence as the claims alleged in the complaint. *See Warshawsky & Co.* v. *Arcata Nat'l Corp.*, 552 F. 2d 1257, 1261 (7th Cir. 1977). "There is no formalistic test to determine whether the claims are logically related" rather, "[a] court should consider: 'the totality of the claims, including the nature of the claims, the legal basis for recovery, the law involved, and the respective factual backgrounds.'" *In re Price*, 42 F.3d 1068, 1073 (7th Cir. 1994) (quoting *Burlington N. R.R. Co.* v. *Strong*, 907 F.2d 707, 711–12 (7th Cir. 1990)). The court must determine whether a "logical relationship" exists between the allegations in the

| STATEMENT |
|---|

complaint and the counterclaim. *Burlington N. R.R. Co.*, 907 F.2d at 711.[5] "The history behind Rule 13(a) suggests a flexible approach over a formalistic one when assessing the totality of the circumstances." *In re Price*, 42 F.3d at 1073.

After reviewing Beeter's amended counterclaim, the court concludes that Counts I and II satisfy this test. The amended counterclaim involves the same parties as the complaint and rests on the same legal theories. Moreover, the factual allegations in both pleadings relate to the unauthorized access and disclosure of private email communications to third parties. Thus, the nature of the claims, legal basis for recovery and the laws involved are largely the same. Greg argues that the amended counterclaim is not compulsory because discovery related to the complaint and amended counterclaim will not be duplicative. Specifically, the two email accounts at issue were controlled by different entities (Greg's account was controlled by Yahoo! and Beeter's account was controlled by the City of Elgin) and thus require different discovery devices to obtain the required information (a subpoena issued to Yahoo! versus a Freedom of Information Act request issued to the City of Elgin). Although additional discovery will likely be required to resolve Beeter's counterclaim, this discovery does not appear to be overly burdensome and factual similarities between the claims is just one of several factors the court considers. Moreover, the fact that each account was allegedly accessed at a different time does not preclude a finding of relatedness. *See Warshawsky & Co.*, 552 F. 2d at 1261–62 (finding counterclaims compulsory where the complaint pertained to breaches of a five-year contract and the counterclaims pertained to the continued business relationship between the parties after the contract had expired).[6] The Seventh Circuit has instructed that Rule 13(a) is to be liberally construed to "avoid a multiplicity of actions by resolving in a single lawsuit all disputes that ensue from a common factual background." *In re Price*, 42 F.3d at 1073; *see Warshawsky & Co.*, 552 F. 2d at 1261 ("The purpose of the rule is to prevent multiplicity of actions and to achieve resolution in a single lawsuit of all disputes arising out of common matters."). Given the similarity between the nature of the claims, the legal basis for recovery, the laws involved, and the common factual background, judicial economy favors a finding that Counts I and II in Beeter's amended counterclaim are compulsory. Plaintiff's motion to dismiss the amended counterclaim is therefore denied.

1. For simplicity, the court will refer to Greg Welter as "Greg" and Tamara Welter as "Tamara."

2. Beeter has since voluntarily dismissed Count III. (Def.'s Resp. at 2 n.2.)

3. Tamara Welter has settled with plaintiffs and is no longer a party in this case. (*See* Dkt. #95.)

4. The parties do not appear to dispute that Tamara and Beeter were engaged in an extramarital affair at this time. (*See* 3d Am. Compl. ¶¶ 78-79.)

5. The Seventh Circuit has described the logical relationship test as follows:

Courts generally have agreed that the words 'transaction or occurrence' should be interpreted liberally in order to further the general policies of the federal rules and carry out the philosophy of Rule 13(a). . . . As a word of flexible meaning, 'transaction' may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship. . . . [A] counterclaim that has its roots in a separate transaction or occurrence is permissive and is governed by Rule 13(b).

*Burlington N. R. R. Co.*, 907 F.3d at 711 (internal quotation marks and citations omitted).

6. Greg also argues that the counterclaim does not arise out of the same transaction or occurrence as the complaint because the location from which each party allegedly accessed the other's email was different. (*See* Pl.'s Reply at 4.) This fact is not alleged in the counterclaim and cannot be considered on a motion to dismiss. The same is true for Greg's statement that Beeter had actual notice of his potential claim against Greg on December 16, 2009 based on discovery tendered in this case. (*See* Pl.'s Reply at 5 n.5.)